**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CRIMINAL ACTION NO. 15-18-DLB-HAI**

**UNITED STATES OF AMERICA**                                                                          **PLAINTIFF**

vs.          **ORDER ADOPTING REPORT AND RECOMMENDATION**

**DAVID ROSCOE HALE**                                                                          **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

This matter is before the Court on Defendant David Roscoe Hale's motion to vacate his sentence under 28 U.S.C. § 2255. (Doc. # 90). Consistent with local practice, this matter was referred to United States Magistrate Judge Hanly A. Ingram for the purpose of reviewing the motion and preparing a Report and Recommendation ("R&R"). On July 28, 2017, Judge Ingram issued his R&R (Doc. # 107) wherein he recommends that Defendant's motion be denied. Defendant having filed objections to the R&R (Doc. # 108), the R&R is ripe for review. For the reasons set forth herein, Defendant's Objections, (Doc. # 108), are **overruled** and the R&R, (Doc. # 107), is **adopted** as the findings of fact and conclusions of law of the Court.

## II. ANALYSIS

### A. Standard of Review

The Court reviews *de novo* those portions of the R&R to which specific objections have been filed. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Where no objections are made, or the objections are vague or conclusory, the Court is not required to review

1

under a *de novo*, or any other, standard. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Jenkins*, No. 6:12-cr-13-GFVT, 2017 WL 3431834, at *1 (E.D. Ky. Aug. 8, 2017). Allegations in *pro se* habeas complaints are held to a less stringent standard and given more "liberal construction," however "inartfully pleaded." *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985) (quoting *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Burris v. United States,* 430 F.2d 399, 403 (7th Cir.1970), *cert. denied,* 401 U.S. 921 (1971)).

An objection that does "nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *United States v. Shephard*, No. 5:09-cr-81-DLB, 2106 WL 9115464, at *1 (E.D. Ky. Sept. 18, 2016) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004); *Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011)); s*ee also Shabazz-el-Bey v. Daley*, No. 2:115-cv-173-DLB, 2016 WL 7217633, at *1 (E.D. Ky. Dec. 13, 2016). Thus, "objections that merely restate arguments in the memoranda considered by the Magistrate Judge are not proper, and the court may consider such repetitive arguments waived." *Holl*, 2011 WL 4337038 at *1. Where an objection is simply a repetition of what the Magistrate Judge has already considered, it fails "to put the Court on notice of any potential errors in the Magistrate's R&R." *Shephard*, 2016 WL 9115464 at *1 (citing *VanDiver*, 304 F. Supp. 2d at 938).

**B.     Defendant's objections are overruled.**

Defendant has raised four objections to Judge Ingram's R&R, (Doc. # 108), each of which shall be analyzed in turn. The findings of fact and conclusions of law in the R&R to which Defendant has not objected are adopted as the Court's. *Arn,* 474 U.S. at 150.

Defendant first objects, (Doc. # 108 at 1-2), to Judge Ingram's determination that the record of proceedings refutes Defendant's allegations that his counsel was ineffective for failing to alert the Court of Defendant's hearing issues. (Doc. # 107 at 4-5). Defendant's § 2255 motion had argued that his counsel was ineffective because he had not raised Defendant's particular hearing impairment to the Court. (Doc. # 90 at 2). Defendant's objection is a clear repetition of his motion, alleging again that he needed to be facing a speaker to understand, and that his counsel was ineffective for failing to raise the issue. (Doc. # 108 at 1-2). As such, Defendant has failed to put this Court on notice of any potential errors in Judge Ingram's analysis concerning Defendant's hearing impairment allegations, and this argument is waived.

Defendant's second specific objection, (Doc. # 108 at 2-3), is to Judge Ingram's determination that Defendant had not met his burden to show that his plea agreement was unenforceable. (Doc. # 107 at 5-7). Defendant had argued that he could not knowingly and intelligently waive his right to appeal or collaterally attack a not-yet-imposed sentence. (Doc. # 90 at 6-7). In his objection, Defendant makes three arguments: that the recent Supreme Court case *Lee v. United States*, 147 S.Ct. 1958 (2017) is analogous and controls; that a previous assurance by Defendant's counsel as to the amount of controlled substance Defendant would be charged with changes the law; and that the record only reflects what was said, not what Defendant heard.

The last of these arguments—that a knowing and intelligent waiver is unenforceable because there is no way to know what Defendant heard, as opposed to what was said—is absurd. Furthermore, it wholly fails to address the objection. The second argument is similarly flawed, in that it asks this Court to ignore the record of the

proceedings and instead make a separate finding that Defendant's waiver was unenforceable because of factual allegations found nowhere else but in Defendant's Objections. (Doc. # 108 at 3).

Finally, Defendant's third argument—that the Court should look to *Lee*—also fails. In *Lee*, the Supreme Court held that a lawful permanent resident of the United States had been denied effective assistance of counsel when petitioner's counsel had told him that he would not be deported if he pled guilty. *Lee*, 137 S.Ct. at 1962. The question presented to the Supreme Court was whether the petitioner could show he had been prejudiced by this advice. *Id*. Because "deportation was the determinative issue," petitioner would have gone to trial in lieu of pleading if he had known that deportation was a possibility following his acceptance of a plea deal. *Id.* at 1967-68. The petitioner was thus able to show a "'reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id.* at 1969 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). The arguments in *Lee* are entirely unrelated to Defendant's arguments. Defendant has attempted to argue that he could not waive his right to appeal an unknown sentence, despite clear record proof that he knew the maximum possible sentence. This is decidedly different from *Lee*, where there is no evidence that deportation was a part of the plea agreement. Defendant's attempted reliance upon *Lee* is not persuasive.

Defendant's third specific objection, (Doc. # 108 at 3), is to Magistrate Ingram's determination that the record did not support Defendant's assertion that he was never advised of the elements of the offense. (Doc. # 107 at 8-10). Once again, the record refutes that argument. As Judge Ingram stated in his R&R, the plea agreement contained

the elements of the offense he was charged with, the parties discussed the modified plea agreement at Defendant's rearraignment, and the Court adjourned for two hours so Defendant and his counsel could discuss the modifications. (Doc. # 107 at 9). In open court, Defendant averred that he understood the charge and the legal definition of conspiracy. *Id*. Defendant's objection to the Magistrate's determination on this matter is also not persuasive.

Defendant's fourth specific objection, (Doc. # 108 at 4), is to Judge Ingram's determination that because any argument against his "career offender" status would have been futile, Defendant cannot prove his counsel was ineffective. (Doc. # 107 at 15-17). Defendant's motion argues that his counsel had an "obligation to understand <u>upcoming</u> changes in the law." (Doc. # 90 at 13) (emphasis added). The "upcoming changes" Defendants refers to is the case *Mathis v. United States*, 136 S.Ct. 2243 (2016), in which the Supreme Court held that a state crime could not qualify as predicate offense under the Armed Career Criminal Act ("ACCA") if the state crime's elements were broader than those of the generic offences, and so conviction under such a state criminal law could not give rise to a sentence enhancement under the ACCA. *Mathis*, 136 S.Ct. at 2246. Defendant's argument is preposterous: it is entirely unreasonable to fault his counsel for failing to properly read tea leaves. In addition, the Sixth Circuit is clear that *Mathis* is not retroactive, and therefore not applicable in a § 2255 collateral attack on proceedings. *In re Conzelmann*, 872 F.3d 375 (6th Cir. 2017).

### III. CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Defendant's Objections to the Magistrate Judge's R&R (Doc. # 108) are

hereby **OVERRULED**;

(2) The Magistrate Judge's Report and Recommendation (Doc. # 107) is **ADOPTED** as indicated herein;

(3) For reasons set forth in the Magistrate Judge's R&R (Doc. # 107), the Court determines there would be no arguable merit for an appeal in this matter and, therefore, **NO CERTIFICATE OF APPEALABILITY SHALL ISSUE**; and

(4) This matter be, and is hereby **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket.

This 26th day of December, 2017.

Signed By:
*David L. Bunning* DB
United States District Judge

K:\DATA\ORDERS\Ashland Criminal\2015\15-18 Order adopting R&R re 2255.docx